

CLERK, U.S BANKRUPTCY COURT
DISTRICT OF OREGON

SEP 1 5 2004

LODGED_____ REC'D_____
PAID_____ DOCKETED_____

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON**

RANDALL L. DUNN
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326 - 4175

JoANNE SHERMAN
LAW CLERK

KARYN A. COLE
JUDICIAL ASSISTANT

September 15, 2004

Keith S. Dubanevich
121 S.W. Morrison St., 11th Fl.
Portland, OR 97204

Robert S. Simon
1881 S.W. Naito Parkway, #100
Portland, OR 97201

Brien Flanagan
Michael D. Furlong
1211 S.W. 5th Av., #1700
Portland, OR 97204

Re: **Avalon Hotel Partners, LLC, Case No. 03-40414-rld11
Pacific Western Realty and Development Company v. Avalon
Hotel Developer, LLC, Adv. No. 04-3132-rld**

Counsel:

When I issued my initial letter opinion on September 1, 2004 with respect to the above referenced adversary proceeding (the "Adversary Proceeding"), I left open two issues: 1) the amount of damages, based on a determination of the date from which interest on the Promissory Note principal accrues; and 2) reasonable attorneys fees and costs to PWRD as the prevailing party.



Counsel for PWRD and AHD have submitted their positions on the two outstanding issues in memoranda, supported by affidavits. I appreciate the efforts of the parties in preparing their submissions. I have reviewed the submissions carefully, and I found them helpful. Based on my review of the memoranda and affidavits submitted by the parties and applicable law, I am prepared to state my conclusions and a final decision on damages and reasonable attorneys fees and costs in this supplemental letter opinion.

A. <u>Date From Which Interest Is To Be Calculated</u>

The Promissory Note is dated January 1, 2002, and it provides that AHD "promises and agrees to pay to the order or assigns of [PWRD]...the principal sum of $208,781.27, <u>plus interest on the unpaid principal balance of this promissory note at 15% per annum from January 1, 2002,</u>

Keith S. Dubanevich
Brien Flanagan
Michael D. Furlong
Robert S. Simon
September 15, 2004
Page 2

on or before January 29, 2004 (the "maturity date")...." [Emphasis added.] I agree generally with AHD that, "'[i]nterest' means compensation for the use or forbearance of another's money." Portland General Electric Co. v. Department of Revenue, 7 OTR 444, *2 (Or. Tax Ct. 1978). I also agree with AHD that the evidence in the record is clear that the $208,781.27 principal amount of the Promissory Note is the sum of two separate advances by PWRD to AHP for the benefit of AHD: $150,000 was advanced on or about May 3, 2002, and the balance of $58,781.12 was advanced on or about May 21, 2004. See Affidavit of Michael Furlong, dated September 8, 2004, Ex. A, pp. 76:3-77:13, 78:13-79:14; Ex. B and Ex. C. Accordingly, a reasonable result in this case, absent countervailing considerations, would be to accrue interest at the Promissory Note rate of 15% through the maturity date of January 29, 2004, for $150,000 from May 3, 2002, and on the balance of $58,781.12 from May 21, 2004.

However, the Promissory Note is dated January 1, 2002, and states that interest accrues from that date. In the Negotiable Instruments chapter of the Oregon Revised Statutes, Chapter 73, ORS § 73.0112, entitled "Interest," states at Section 73.0112(1)(b) that, "Unless otherwise provided in the instrument:...Interest on an interest-bearing instrument is payable from the date of the instrument." ORS § 73.0113, entitled "Date of instrument," in Section 73.0112(1) states that, "An instrument may be antedated or postdated." I have been unable to find any Oregon decisions interpreting either ORS §§ 73.0112 or 73.0113. However, PWRD has submitted substantial evidence that the selection of January 1, 2002 as the date from which interest on the Promissory Note would accrue was a term negotiated between PWRD and AHD. See Affidavit of Keith S. Dubanevich, dated September 1, 2004, Ex. A, p. 4; Ex. B; Ex. D; Ex. G; Ex. H; Ex. I, p. 2; and Ex. J, pp. 1 and 3.

In light of the provisions of Oregon negotiable instruments law, the language of the Promissory Note itself, and the evidence submitted by PWRD to the effect that the provision for accrual of interest from January 1, 2002, in the Promissory Note was a term negotiated between PWRD and AHD, I find that interest accrues on the entire $208,781.12 principal amount of the Promissory Note from January 1, 2002.

B. <u>Reasonable Attorneys' Fees</u>

PWRD seeks an award of $56,478.00 attorneys fees, plus expenses of $5,416.57, for work performed with respect to this Adversary Proceeding through September 1, 2004. In addition, PWRD anticipates and seeks a further award of $2,500 to cover attorney fees and costs, expected to "be expended in final resolution of attorney fees and other issues in this case." Affidavit of Keith S. Dubanevich, dated September 1, 2004, p. 6. AHD generally objects to such awards as excessive for what PWRD "has characterized as a simple note case." AHD's Objections to the Affidavit of Keith S. Dubanevich in Support of Plaintiff's Request for an Award of Attorneys Fees, Costs, and Disbursements, p. 1.

Keith S. Dubanevich
Brien Flanagan
Michael D. Furlong
Robert S. Simon
September 15, 2004
Page 3

---

At the outset, it is not necessarily an easy or straightforward matter to determine if fees should be cut because of the alleged simplicity of issues presented to the court in a given case. The Adversary Proceeding was litigated to determine whether or not the Promissory Note is enforceable against AHD. However, AHD has not defended the Adversary proceeding as a "simple note case." AHD raised issues of lack of consideration, ambiguity of the writing involving questions of application of the parol evidence rule, and reformation, with a strategic eye to the larger issues concerning the subject parties and their affiliates. I have determined on summary judgment that the Promissory Note is enforceable against AHD, but I do not find that arriving at that result was "simple," in the sense of being unworthy of a substantial legal effort. The parties themselves have treated this Adversary proceeding otherwise.

Consequently, I do not find it appropriate to apply an "across the board" cut to PWRD's attorneys fees and expenses because they appear to be large for a case to enforce a promissory note. However, in addition, AHD has raised a series of specific objections to portions of the fees requested by PWRD that I will address as follows.

AHD notes that PWRD spent 8.3 hours, billed at $1,361.50, working on default pleadings and argues that the amount claimed for such work is excessive. My review of the fee itemizations of PWRD's counsel indicates that Ms. Howes spent a further 1.6 hours, billed at $248.00, on default pleadings beyond what is cited by AHD, for a total of $1,578.50. See Affidavit of Keith S. Dubanevich, dated September 1, 2004, Ex. A, pp. 6, 8. I agree with AHD that too much time was spent by PWRD's counsel working on default pleadings for their complaint to enforce a promissory note obligation. In the context of this hotly contested Adversary Proceeding, the default papers could have been expected to arrive at precisely the result that occurred, namely, no default judgment was entered. In addition, I find that an unreasonable amount of time was spent in preparing the default pleadings. I find that a reasonable fee for the preparation of the default pleadings is $400, and I will deduct $1,178.50 from the amount of fees requested.

AHD opposes the fees requested for research work done by Ms. Howes on June 17, 2004, relating to availability of Rule 11 sanctions or attorney's fees for causing unnecessary increases in the expense of litigation. I note that Ms. Howes' time entry for that date also includes research regarding default of a party which has filed a late answer. The total requested is $666.50. I already have awarded all fees to PWRD that I find to be reasonable with respect to default issues, and the sanctions issue never went anywhere in the Adversary Proceeding. Accordingly, I find that the entire $666.50 requested for Ms. Howes' time on June 17, 2004, should be disallowed.

AHD challenges the reasonableness of billing for the 13.8 hours of Monica Martens' time, $1,656.00, spent searching for documentation for the Promissory Note loan. If all I dealt with in the Adversary Proceeding were the initial arguments raised by PWRD in its motion for summary judgment, I could find more merit in AHD's position. However, the arguments in favor of and opposing summary judgment in the Adversary Proceeding required a wide-ranging

Keith S. Dubanevich
Brien Flanagan
Michael D. Furlong
Robert S. Simon
September 15, 2004
Page 4

review of documents, including a series of drafts of the Promissory Note and Security Agreement, bank and escrow documents, and correspondence between the parties, including e-mails, among other things. In these circumstances, I do not find the time spent by Ms. Martens in conducting a thorough document search unreasonable, and I will allow the $1,656.00 requested for her time.

AHD objects to an award of approximately $2,197.75 in fees for approximately 8.8 hours spent by PWRD's counsel in opposing AHD's request for an extension of the deadlines for responding to and arguing PWRD's motion for summary judgment. It is a matter of record that the Adversary Proceeding has moved relatively rapidly to a summary judgment determination once issues were joined between the parties. In light of the significant discovery undertaken by the parties to move the Adversary Proceeding forward, PWRD's objection to some extension of time for AHD to prepare adequate responses both to PWRD's discovery requests and motion for summary judgment was apt to be futile. PWRD's interest in keeping the Adversary Proceeding moving required no more than PWRD's counsel's appearance at the hearing on AHD's motion to extend deadlines. Accordingly, I find AHD's objection to be well taken. It is somewhat difficult to assess exactly how much time PWRD's counsel spent in opposing the motion for extension because some of the related time entries are "lumped" with other work. See, e.g., time entry of Keith Dubanevich for 7/12/04, Affidavit of Keith S. Dubanevich, dated September 1, 2004, Ex. A, p. 14. Since I find that it was appropriate for PWRD's counsel to appear at the hearing to make sure that the summary judgment schedule remained on track, even if extended, I will allow all of the time Mr. Dubanevich billed for July 12, 2004, totaling $549. I will disallow $1,648.75.

AHD challenges the 14.4 hours, $2,036 in fees, generated in preparing the affidavit of Peter Chinloy, as excessive. I note that Mr. Chinloy's affidavit addresses a wide range of factual issues in its narrative and further authenticates a number of documents that required a substantial amount of work to gather and put together in coherent fashion. I do not find the work spent in preparing the affidavit of Mr. Chinloy to be unreasonable, and I will not disallow any fees for the preparation of that affidavit as excessive.

AHD objects to $108.50 in fees of Ms. Howe for attending the deposition of Mr. Brennecke, when Mr. Dubanevich took the deposition, and Ms. Howe did not participate in the questioning. I find AHD's objection to be well taken, and I will deduct the $108.50 requested.

Finally, AHD objects to awarding the $1,220 in fees requested for Mr. Dubanevich's services in preparing four forms of judgment and a letter to this court on August 26, 2004. I agree that the subject effort was excessive. I have used one form of order granting summary judgment and one of the judgment forms. Those relatively straightforward forms were adequate to their purposes. I find that further work to prepare alternative forms was unnecessary "gilding of the lily." I will allow half of the amount requested or $610.00 and disallow the balance.

Keith S. Dubanevich
Brien Flanagan
Michael D. Furlong
Robert S. Simon
September 15, 2004
Page 5

With the foregoing adjustments, I am prepared to allow PWRD a total of $52,265.75 as reasonable fees, after deducting a total of $4,212.25 or approximately 7.5% from the $56,478.00 requested. I find that a fee of $52,265.75 is a reasonable amount for representing PWRD's interests in the Adversary Proceeding, and I will not award any further amount for anticipated fees.

C. Reasonable Costs

Counsel for PWRD has certified that a total of $5,416.57 in costs, as itemized in Plaintiff's Bill of Costs, were actual and necessary costs incurred in the prosecution of PWRD's case in the Adversary Proceeding. AHD has not objected to PWRD's cost bill or any of the expenses listed therein. This court's Local Bankruptcy Rule 9021-1.B.3.b states: "In the absence of any objection, any item listed in the cost bill may be taxed." I am prepared to allow PWRD's costs of $5,416.57, as requested.

Conclusion

Based on the foregoing analyses, I find that PWRD is entitled to judgment on the Promissory Note obligation against AHD, with interest at the rate of 15% to be calculated on the entire principal amount of $208,781.27 from January 1, 2002, through January 29, 2004, with interest thereafter to be calculated at the rate of 18% on the entire Promissory Note principal balance until the Promissory Note is paid in full. I find that PWRD is entitled to reasonable attorneys fees, as the prevailing party in the Adversary Proceeding, under the terms of the Promissory Note, in the amount of $52,265.75, plus an award of costs in the amount of $5,416.57. Counsel for PWRD should prepare and submit an appropriate form of supplemental judgment for my signature, consistent with the holdings in this letter opinion, after submitting such supplemental judgment for review and comments as to form to counsel for AHD.

Very truly yours,

RANDALL L. DUNN
Bankruptcy Judge

RLD:kc
cc:    U.S. Trustee